Filed 10/23/23  P. v. Montoy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079672 |
| v. | (Super.Ct.No. RIF1403098) |
| JORGE EDUARDO MONTOY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorney Generals, for Plaintiff and Respondent.

A jury found defendant and appellant Jorge Eduardo Montoy[1] guilty of sexually penetrating a child who was 10 years old or younger (Pen. Code, § 288.7, subd. (b))[2], and two counts of committing a lewd or lascivious act upon a child who was under 14 years old (§ 288, subd. (a)). The trial court sentenced defendant to prison for a determinate term of six years and a consecutive indeterminate term of 15 years to life.[3]

Defendant raises four issues on appeal. First, defendant contends there is not substantial evidence to support his convictions. Second, defendant asserts the trial court erred by not instructing the jury on the lesser related offense of solicitation. Third, defendant contends the trial court erred by admitting evidence of uncharged conduct. (Evid. Code, § 1108.) Fourth, defendant asserts the trial court set the restitution (§ 1202.4, subd. (b)(1)) and parole revocation (§ 1202.45) fines too high; the People concede this fourth contention is correct. We affirm with directions.

---

[1] In federal court, defendant's last name was spelled Montoya and Montoy. We use the Montoy spelling, which was used throughout the state court proceedings.

[2] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

[3] Defendant is serving a 20-year federal prison sentence for aiding and abetting the sexual exploitation of a child; receiving images of child sexual abuse; and possessing images of child sexual abuse. Defendant's tentative release date for his federal sentence is in 2029. The trial court in the instant case ordered that defendant's state prison sentence "be served consecutively to any other commitment currently imposed."

# FACTS

Defendant is a pedophile.  C.F. (Girlfriend) is an adult and defendant's former girlfriend.  During defendant's and Girlfriend's relationship, prior to and during copulation, they often viewed images of child sexual abuse.  In hopes of rekindling her romantic relationship with defendant, Girlfriend exposed and molested her two-year-old step-granddaughter (the victim) and texted to defendant photographs of the exposure and molestation.  In response, defendant requested photographs of Girlfriend touching the victim's genitals and exposing the victim's anus.  Girlfriend complied with defendant's requests, sending more photographs of her molesting the victim.  In all, Girlfriend sent defendant nine photographs of the victim.  On all counts, defendant was convicted under a theory of aiding and abetting Girlfriend.

# DISCUSSION

## A.    SUBSTANTIAL EVIDENCE

### 1.    *GIRLFRIEND'S INTENT*

Defendant contends Girlfriend did not commit the crime of molestation (§ 288, subd. (a)) because she did not touch the victim with the intent of arousing herself or the victim; rather, she sought to arouse defendant—a third party.  Defendant asserts that because Girlfriend did not molest the victim, defendant did not aid and abet the molestations.

We apply the substantial evidence standard of review.  Under that standard, we view the evidence "in the light most favorable to the judgment" and resolve all factual conflicts in favor of the judgment.  (*People v. Pitts* (1990) 223 Cal.App.3d 606, 884.)

"[A]iding and abetting liability cannot attach unless the substantive elements of a predicate offense are met." (*People v. Perez* (2005) 35 Cal.4th 1219, 1227.) In other words, there must be proof of a completed crime by Girlfriend in order for defendant to be liable as an accomplice. The offense of molestation requires that a child is touched by a person "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (§ 288, subd. (a).)[4]

The following exchange occurred during the direct examination of Girlfriend:

"[Prosecutor]: After you watched child pornography with the defendant, did you engage in sexual intercourse with him?

"[Girlfriend]: Yes.

"[Prosecutor]: What did you notice about the defendant sexually after you viewed child pornography together?

"[Girlfriend]: That he was aroused and he wanted to have sex.

"[Prosecutor]: And then you agreed to have sex with him?

"[Girlfriend]: I did.

"[Prosecutor]: So is it safe to say then that you were sexually aroused at that point too?

"[Girlfriend]: Yes.

---

[4] The offense of sexual penetration requires that a child is penetrated "for the purpose of sexual arousal, gratification, or abuse." (§§ 288.7, subd. (b), 289, subd. (k)(1).) Thus, unlike the molestation statute (§ 288, subd. (a)), the sexual penetration statutes do not specify who the abuser must intend to arouse.

"[Prosecutor]: How often would you view child pornography with the defendant and then have sex?

"[Girlfriend]: Couple of time[s] out of a week."

Girlfriend's testimony reflects that images of child sexual abuse were part of her sexual activity with defendant. Girlfriend also testified that she was comfortable with defendant's idea of going to a foreign country to "buy children or rent children for sex." One could reasonably conclude from the foregoing evidence that Girlfriend used children as a means of having a sexual relationship with defendant.

In regard to Girlfriend's sexual response to touching and photographing the victim, Girlfriend sent defendant the following text messages during the exchange of photographs: "The thought of u rubbing looking at her pic is hot"; "Send me a pic of ur hard cock"; "I was super wet"; and "Sucked on it while I played with myself." Girlfriend's text messages indicate that she was sexually aroused.

The following exchange occurred during the direct examination of Girlfriend:

"[Prosecutor]: And then you mention [in a text message] that you thought [the sexual photograph of the victim] was hot too, right?

"[Girlfriend]: I did.

"[Prosecutor]: Okay. Why did you say that?

"[Girlfriend]: Because I know that he likes it when we're together.

"[Prosecutor]: And it's safe to say that when defendant's enjoying himself sexually, you're enjoying yourself too?

"[Girlfriend]: Yes.

5

"[Prosecutor]: Sexually?

"[Girlfriend]: Yes."

Defendant's and Girlfriend's sexual activity regularly incorporated images of child sexual abuse. Therefore, by producing images of child sexual abuse with the victim, Girlfriend was aroused knowing that defendant would also be aroused. In other words, defendant is correct that Girlfriend was trying to arouse him, but, in that process of abusing the victim, Girlfriend was also intending to arouse herself. Therefore, there is substantial evidence supporting the finding that Girlfriend touched the victim "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires" of Girlfriend. (§ 288, subd. (a).)

### 2. *KNOWLEDGE*

Defendant contends there is insufficient evidence that he knew Girlfriend would commit a crime. "[P]roof of aider and abettor liability requires proof . . . [of] the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends." (*People v. Perez*, *supra*, 35 Cal.4th at p. 1225.)

On November 23, 2012 at 8:32 a.m., Girlfriend sent defendant a photograph of the victim's genitals. During their exchange of text messages, defendant wrote, "Damn I want to see more." Girlfriend responded, "U will have to wait." On November 24, 2012 at 8:29 a.m., Girlfriend sent defendant three photographs of her molesting the victim. This evidence supports a finding that Girlfriend complied with defendant's request for more sexually explicit images of the victim.

6

At 8:35 a.m., defendant wrote, "Baby send me. A pic of lips held apart by Ur fingers." Within five minutes, Girlfriend responded with a photograph of her fingers on the victim's labia. Thirty seconds later, defendant replied, "Damn and one that I can see her ass hole plz." In three minutes, Girlfriend responded with a photograph of her fingers spreading the victim's buttocks apart to expose the victim's anus.

Because Girlfriend had previously complied with defendant's November 23rd request for more photographs, when defendant requested specific images on November 24th, the jury could reasonably conclude that defendant knew Girlfriend would comply with his requests for Girlfriend to further sexually abuse the victim.[5] In sum, substantial evidence supports the finding that defendant had knowledge of Girlfriend's criminal intent.

B.     SOLICITATION INSTRUCTION

1.     *PROCEDURAL HISTORY*

Defendant was charged with two counts of sexual penetration (§ 288.7, subd. (b)) and two counts of molestation (§ 288, subd. (a)).[6] The two molestation counts concerned the same conduct as the sexual penetration counts, i.e., they were greater and lesser offenses.

---

[5] The charges against defendant concerned his conduct on or about November 24, 2012.

[6] The jury hung on the sexual penetration count (§ 288.7, subd. (b)) that concerned anal penetration, but the jury convicted on the three other counts.

7

Defense counsel requested the trial court instruct the jury on solicitation, as a lesser related offense because "simply asking someone to do something is not aiding and abetting." The People opposed the request, arguing that solicitation only applies to certain statutorily enumerated sexual offenses (§ 653f, subd. (c)), and while section 288 is included on the list, section 288.7 is not. The People asserted that the jury would be confused if the solicitation instruction were given on some charges but not others. The trial court denied defense counsel's request because the court believed the jury would be confused if the solicitation instruction were given as to the section 288 charges, but not given as to the section 288.7 charges.

2.      *ANALYSIS*

Defendant contends the trial court erred by not instructing the jury on solicitation as a lesser related offense. A trial court cannot instruct on a lesser related offense when the prosecutor does not consent to the instruction. (*People v. Birks* (1998) 19 Cal.4th 108, 136 (*Birks*).) It is the prosecutor's role to decide what charges to bring, so the court and defendant cannot "add lesser nonincluded offenses which the prosecution has chosen to withhold in the exercise of its charging discretion, and to which it objects." (*Ibid.*) In the instant case, the prosecutor objected to instructing the jury on solicitation. Because the prosecutor objected to the instruction, the trial court properly refused to instruct the jury on solicitation.

Defendant contends the trial court is obligated to instruct the jury on laws that are necessary for the jury's understanding of the case (*Birks*, *supra*, 19 Cal.4th at pp. 118-119), and under that obligation, the court had a sua sponte duty to instruct the jury on

the offense of solicitation, so the jury could better understand defendant's theory of the case. In closing argument to the jury, defense counsel argued, "Asking someone to commit a crime is not the same thing as aiding and abetting a crime." Defense counsel explained, "It's the crime of solicitation, but the defendant is not charged with that. [¶] He is charged with the aiding and abetting."

The relevant offenses are those charged in the information. (*Birks*, *supra*, 19 Cal.4th at p. 136.) If defendant believed he was only guilty of solicitation, then defendant could have argued "that the prosecution has failed to prove the elements of charged or necessarily included offenses beyond a reasonable doubt." (*Id.* at p. 137.) In other words, arguing that defendant is not guilty would likely have been just as effective as arguing that he is guilty of solicitation.

Defendant asserts he had a federal constitutional right to an instruction on his defense theory of solicitation. Contrary to defendant's position, federal courts have held that instructing on lesser nonincluded offenses " 'detracts from, rather than enhances, the rationality of the process.' " (*Hopkins v. Reeves* (1998) 524 U.S. 88, 99.) Moreover, defendant was free to argue that the elements of the charged offenses had not been proven.

Next, defendant contends that solicitation is a lesser-related offense of sexually penetrating a child (§ 288.7, subd. (b)). We need not address the merits of this issue because the prosecutor objected to instructing the jury on solicitation. Even if the prosecutor's objection was based on a mistake, it was an objection, and the trial court

9

could not instruct on solicitation over the prosecutor's objection. (*Birks*, *supra*, 19 Cal.4th at p. 136.)

Defendant contends the *Birks* rule should not apply in this case because it permitted the prosecutor to "force[] an artificial all-or-nothing approach which rendered the process unreliable." The molestation charges (§ 288, subd. (a)) were a lesser alternative to the penetration charges (§ 288.7, subd. (b)). The jury hung on the anal penetration count (§ 288.7, subd. (b)), only convicting on the lesser molestation count (§ 288, subd. (a)), which means the jury was not presented with an all-or-nothing decision.

C.      UNCHARGED OFFENSE EVIDENCE

1.      *PROCEDURAL HISTORY*

The prosecutor moved in limine to introduce evidence of uncharged sexual misconduct by defendant. (Evid. Code, § 1108.) The evidence included (1) possessing images of child sexual abuse, including 319 videos and 12,752 photographs on defendant's computer; (2) a conviction in federal court for possessing the images of child sexual abuse; and (3) defendant molesting his stepdaughter when she was eight to 11 years old.

Defendant objected, arguing that the evidence lacked relevance and "doesn't add anything except extreme prejudice." (Evid. Code, § 352.) The prosecutor argued that the evidence was "probative and relevant to even supporting [Girlfriend's] testimony." The prosecutor explained, "[T]he fact that he possesses child pornography of similar nature, makes it more likely that he directed this woman, his girlfriend, to touch a child and create more pictures for him for his collection."

The trial court found the evidence was more probative than prejudicial under the condition that "an appropriate limiting instruction or stipulation" was given to the jury regarding defendant not having produced the child sexual abuse images on his computer and saying defendant had "many" photographs, rather than 12,752 photographs.

### 2.     *ANALYSIS*

Defendant contends the trial court erred by admitting the uncharged offense evidence because it lacked probative value. To the extent one might conclude the trial court erred by admitting the uncharged conduct, the error is harmless. The risk with uncharged sexual offense evidence is that the jury's passions will be so inflamed against the defendant that they will convict him regardless of the strength of the evidence for the charged offenses. (*People v. Falsetta* (1999) 21 Cal.4th 903, 920.) In the instant case, the jury was unable to reach a verdict on the anal penetration charge (§ 288.7, subd. (b)), finding defendant guilty of the lesser molestation charge (§ 288, subd. (a)). Accordingly, to the extent the trial court erred, the error was harmless because a sufficient number of jurors' passions were not inflamed against defendant.

### D.     FINES

Defendant contends the trial court erred by imposing restitution and parole revocation fines in the amount of $300. The People concede defendant is correct. Defendant's crimes were committed in 2012 when the minimum restitution fine was $240. (§ 1202.4, subd. (b)(1) [2012 version].) The parole revocation fine must match the amount of the restitution fine. (§ 1202.45 [2012 version].) In pronouncing defendant's sentence, the trial court said, "I will impose the minimum of $300

11

restitution fine, a $300 parole revocation restitution fine." Defendant's sentencing took place in August 2022, when the minimum fines were $300 (§ 1202.4, subd. (b)(1)), so it appears the trial court forgot to look back to the statutory minimum in 2012. We will direct the trial court to amend the minute order and abstract of judgment to reflect the two fines are $240.

## DISPOSITION

The trial court is directed to issue an amended sentencing minute order and amended indeterminate abstract of judgment reflecting the restitution fine (§ 1202.4, subd. (b)(1)) is $240 and the parole revocation fine (§ 1202.45) is $240, then forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

12